MARJORIE WILCOX GRANT *vs.* LAURA L. WILCOX.

MARCH 25, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

SWEENEY, J.   After opinion rendered in *Grant* v. *Wilcox,* 44 R. I. 94, complainant filed a bill of complaint in the Superior Court in which she attempted to set out her cause of complaint without charging respondent with actual fraud. The facts alleged in the present proceeding are similar to those alleged in *Grant* v. *Wilcox, supra,* and it is unnecessary to repeat them here.

Respondent filed a plea in bar to certain allegations in the bill and a demurrer to the remainder thereof.   The plea and demurrer were sustained.   A similar plea, demurrer and result attended complainant's amended bill and second amended bill.   Final decree was entered dismissing the second amended bill.   Complainant has brought the cause to this court by her appeal from this decree alleging as reasons therefor that the court erred in sustaining the plea and the demurrer to each of the three bills.   We will consider only the second amended bill and the pleadings thereto. *Wilson* v. *N. Y., N. H. & H. R. R. Co.,* 18 R. I. 598.

The plea in bar is based upon respondent's claim that certain allegations in the second amended bill charged respondent with actual fraud in procuring the deed from the

complainant and that in *Grant* v. *Wilcox, supra,* it was adjudged that no false or fraudulent representations or statements were made by the respondent or any person in her behalf whereby complainant was induced to execute said deed. In sustaining the plea the Superior Court was of the opinion that the fundamental allegations of the second amended bill related to the question of actual fraud. The appeal questions the correctness of this opinion and requires a scrutiny of the bill.

The general rule of pleading fraud is that it must be distinctly and specifically charged in a bill seeking relief on that ground, although it is not necessary to allege it *in totidem verbis.* 21 C. J. 396; 10 R. C. L. 415. The specific facts must be alleged from which the court can find that fraud has actually been perpetrated. In *Chapman* v. *Chapman,* 13 R. I. 680, the court examined the bill and said that all of the facts and circumstances might have existed and the respondent may have been innocent of fraud and guilty only of negligence. If the complainant means to charge fraud she should charge it in terms or charge facts which in themselves amount to fraud and are not merely evidence of it.

Guided by these principles of pleading we have carefully considered the allegations in the bill and find no allegations of actual fraud therein. In *Grant* v. *Wilcox, supra,* complainant alleged that certain representations and statements, made to her by the respondent and by Mr. Reynolds in regard to the necessity of transferring the real estate, were false and fraudulent. This allegation does not appear in the second amended bill. The allegation that complainant signed the deed conveying the real estate to respondent, at her request, and upon her promise to reconvey the real estate to complainant upon the settlement of the estate does not justify an inference that, at the time of the conveyance, respondent did not intend to reconvey the real estate. The allegation is clearly not as distinct and specific as would be required to charge actual fraud. The court

erred in sustaining the plea on the ground that the bill alleged actual fraud and the plea should have been overruled.

Respondent demurred to such of the allegations in the second amended bill as were not included in the plea on the ground that they did not state a cause to entitle complainant to relief. As we are of the opinion that the bill does not allege actual fraud, the allegations pleaded to remain a part of the bill. With these allegations in the bill complainant has stated an equitable cause of action which requires an answer from respondent.

The appeal is sustained; the decree appealed from is reversed; the plea and the demurrer are overruled and the cause is remanded to the Superior Court for further proceedings.

*George H. Raymond, John P. Beagan,* for complainant.
*James Harris, John C. Knowles,* for respondent.